UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL V. SIMMONS** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.: 4:22-CV-00221** |
| | ) | |
| **vs.** | ) | **ORDER AND DECISION** |
| | ) | **(Resolving Doc. 19)** |
| **DOLLAR GENERAL, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Pending before this Court is Defendant Cosmic Pet LLC's motion to dismiss for failure to state a claim under Fed.R. 12(b)(6). Doc. 19. Plaintiff, Michael V. Simmons, opposed the motion (Doc. 25) and Cosmic Pet replied (Doc. 27). For the reasons set forth below, the Court GRANTS Cosmic Pet's motion.

## I.     STATEMENT OF FACTS

Plaintiff asserts that after midnight of February 9, 2020, he was outside walking his 35-pound dog in snowy conditions. Doc. 6, ¶¶1, 2. He asserts that he purchased a retractable leash with a 50-pound weight maximum from Defendant Dollar General. Doc. 6, ¶2. Plaintiff contends that the leash fully extended and then made a whipping action. Doc. 6, ¶ 4. Plaintiff alleges that he was knocked unconscious and upon waking noticed he suffered an injury. Doc. 6, ¶¶ 4, 5.

Plaintiff filed the instant Complaint on February 9, 2022, against Defendants Dollar

General Corporation and Everpet LLC for their alleged "defective design" of the retractable leash.

Doc. 1, ¶ 10. On March 15, 2022, Plaintiff filed an Amended Complaint adding Cosmic Pet as a

defendant. Plaintiff's Amended Complaint raises claims of products liability, personal injury, and

damage to personal property, and seeks judgment in the amount of $2,000,000.00. Doc. 6, ¶ 27.

## II.     FAILURE TO STATE A CLAIM, FED.R. 12(b)(6)

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of*

*Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff
> must plead in order to survive a Rule 12(b)(6) motion.   *Bell Atl. Corp. v. Twombly*,
> 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and conclusions, and
> a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-
> 65 (citations and quotation marks omitted). Additionally, the Court emphasized that
> even though a complaint need not contain "detailed" factual allegations, its
> "[f]actual allegations must be enough to raise a right to relief above the speculative
> level on the assumption that all the allegations in the complaint are true." *Id.*
> (internal citation and quotation marks omitted).   In so holding, the Court
> disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41,
> 45-46 (1957) (recognizing "the accepted rule that a complaint should not be
> dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff
> can prove no set of facts in support of his claim which would entitle him to relief"),
> characterizing that rule as one "best forgotten as an incomplete, negative gloss on
> an accepted pleading standard."   *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the

plaintiff's favor.   *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing

*Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule

12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although

this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal

conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations

respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis

omitted).

### A.      Plaintiff's Claims

Plaintiff labels his claims as Product Liability, Personal Injury, Personal Property, and

Punitive Damages. These claims are based upon his allegations that the retractable leash he bought

from Dollar General, of which Cosmic Pets was the vendor, was defective and resulted in injury

to his person and to his property. Doc. 6, ¶¶3, 10-16, 22.

There is no dispute that Ohio law applies to this case. Under Ohio law, the Ohio Product

Liability Act ("OPLA") applies to recovery of compensatory or punitive damages based a product

liability claim. O.R.C. §2307.72(A), (B). "The essential nature of the substantive allegations of the

plaintiff's claim, not the artificial label attached to the claim, determines the claim's true nature."

*Heath v. Highlift Equip., Ltd*., No. 1:19-cv-134, 2020 U.S. Dist. LEXIS 166369, at *4-5 (S.D. Ohio

Sep. 11, 2020) (quoting *Volovetz v. Tremco Barrier Sols., Inc.,* 2016-Ohio-7707, 74 N.E.3d 743,

¶33 (10th Dist.)). A product liability clam is defined as follows:

> a claim or cause of action that is asserted in a civil action pursuant to sections
> 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory
> damages from a manufacturer or supplier for death, physical injury to person,
> emotional distress, or physical damage to property other than the product in
> question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly,

> rebuilding, testing, or marketing of that product;
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
> (c) Any failure of that product to conform to any relevant representation or warranty.

O.R.C §2307.71(A)(13). Plaintiff asserts that the Defendants "must take responsibility for their product's unreasonably dangerous defect and/or product design[,]" (Doc. 6, ¶12) that "the defective product and/or its dangerous design had a direct and proximate resolute of cause the Plaintiff's" injuries, (Doc. 6, ¶14), and that the "defective leash had a direct and proximate result of destroying, mostly by blood, the Plaintiff's personal property" (Doc. 6, ¶16). Plaintiff further asserts that "Defendants were aware of the danger their defective leash posed[.]" Doc. 6, ¶22. Accordingly, Plaintiff's claims are those for product liability governed by the OPLA.

**B.      Statute of Limitations**

Under Ohio law, product liability claims must be brought within two years after the cause of action accrues. O.R.C. §2305.10(A). Typically, the cause of action accrues when the injury or loss to person or property occurs. Id. Here, Plaintiff asserts that the incident occurred just after midnight on February 9, 2020. Doc. 6, ¶1. Plaintiff clarifies that, therefore, the incident occurred on February 10, 2020. Doc. 25, p. 3. Accordingly, Plaintiff was required to bring his claim no later than February 10, 2022.

Plaintiff filed his initial Complaint on February 9, 2022. Doc. 1. However, this Complaint only listed Dollar General Corporate and Everpet LLC as Defendants. Id. On March 15, 2022, Plaintiff amended his Complaint to add Cosmic Pet as a new party and removed Everpet LLC. Doc. 6. Because the Amended Complaint was filed outside the two-year statute of limitation set forth under O.R.C. §2305.10(A), it is untimely unless it somehow relates back to the February 9,

2022 Complaint, which appears to have been timely filed.

> Fed. R. Civ. P. 15(c)(1) governs relation back of amendments. An amendment that changes the party to an action will relate back if three requirements are met. First, the claim against the party must arise out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Fed. R. Civ. P. 15(c)(1)(B), (C). Second, the party must have received notice of the action within 90 days of the filing of the original Complaint. Fed. R. Civ. P. 15(c)(1)(C)(i) Third, the party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(ii).

*Solis v. Capital Grille Holdings, Inc.*, No. 1:17-cv-00798, 2020 U.S. Dist. LEXIS 243039, at *1 (S.D. Ohio Dec. 28, 2020).

Regarding the third prong of the test, the Sixth Circuit has "distinguished a plaintiff's *mistake* concerning the identify of a party from the plaintiff's mere *failure to find out* a party's identity." *Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 617 (6th Cir. 2014) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). The relation-back protections of Rule 15(c)(1) were not designed to correct a plaintiff's failure to find out a party's identity prior to the end of the statute of limitations. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012)

In the instant case, Plaintiff cannot establish that he made a "mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C)(ii). Plaintiff admitted that he did not know the vendor responsible for the product at issue here, and "[t]his forced him to go with the only pet products related vendor (EVERPET) he could find that claimed to be associated with Dollar General. Doc. 25, p. 3. "[A]n absence of knowledge is not a mistake as required by Rule 15(c)(1)(C)(ii)." *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 433-34 (6th Cir. 2013). Accordingly, Plaintiff's amended claims against Cosmic Pet does not relate back to his initial Complaint and is therefore untimely. Plaintiff's claims against Cosmic Pet are dismissed.

III.    **CONCLUSION**

Defendant Cosmic Pet's motion to dismiss Plaintiff's Amended Complaint is granted.

Cosmic Pet is hereby dismissed from the instant case.


**IT IS SO ORDERED.**

 **September 15, 2022**                                    **/s/ John R. Adams**
**Date**                                                              **John R. Adams**
                                                                            **U.S. District Judge**

6