**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL V. SIMMONS** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:22-CV-00221 |
| | ) | |
| vs. | ) | <u>**ORDER AND DECISION**</u> |
| | ) | (Resolving Doc. 36) |
| **DOLLAR GENERAL, et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before this Court is Defendant Dollar General Corporation's ("Dollar General") motion for judgment on the pleadings. Doc. 36. Plaintiff, Michael V. Simmons, did not oppose the motion. For the reasons set forth below, the Court GRANTS Dollar General's motion.

**I.    STATEMENT OF FACTS**

Plaintiff asserts that after midnight of February 9, 2020, he was outside walking his 35-pound dog in snowy conditions. Doc. 6, ¶¶1, 2. He asserts that he purchased a retractable leash with a 50-pound weight maximum from Defendant Dollar General. Doc. 6, ¶2. Plaintiff contends that the leash fully extended and then made a whipping action. Doc. 6, ¶ 4. Plaintiff alleges that he was knocked unconscious and upon waking noticed he suffered an injury. Doc. 6, ¶¶ 4, 5.

Plaintiff filed the instant Complaint on February 9, 2022, against Defendants Dollar General Corporation and Everpet LLC for their alleged "defective design" of the retractable leash.

1

Doc. 1, ¶ 10. On March 15, 2022, Plaintiff filed an Amended Complaint adding Cosmic Pet as a defendant. Plaintiff's Amended Complaint raises claims of products liability, personal injury, and damage to personal property, and sought judgment in the amount of $2,000,000.00. Doc. 6, ¶ 27. On April 29, 2022, Dollar General answered the amended complaint. Doc. 13. On May 27, 2022, Plaintiff filed a response to Dollar General's answer to the amended complaint. Doc. 20. On September 19, 2022, the Court dismissed Defendant Cosmic Pets. Doc. 31. On October 4, 2022, Dollar General, the sole remaining defendant, filed its motion for judgment on the pleadings. Doc. 36.

## II. JUDGMENT ON THE PLEADINGS, FED.R. 12(c)

The standard for reviewing a judgment on the pleadings under Fed. 12 (c) is the same as the standard for reviewing a motion to dismiss under Fed.R. 12(b)(6). The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### A. Ohio Product Liability Act ("OPLA")

The Court has previously concluded that Plaintiff's claims are product liability claims governed by the OPLA. Doc. 31, p. 4.

A product liability clam is defined as follows:

> a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;

>    (c) Any failure of that product to conform to any relevant representation or warranty.

O.R.C. §2307.71 (A)(13). A "supplier" is "[a] person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce." O.R.C. §2307.71(A)(15(a)(i). Dollar General acknowledges that it is a supplier under the OPLA.

Under O.R.C. §2307.78(A), a supplier is liable in a product liability claim if either of the following is applicable:

>    (1) The supplier in question was negligent and that, negligence was a proximate cause of harm for which the claimant seeks to recover compensatory damages;
>
>    (2) The product in question did not conform, when it left the control of the supplier in question, to a representation made by that supplier, and that representation and the failure to conform to it were a proximate cause of harm for which the claimant seeks to recover compensatory damages. A supplier is subject to liability for such a representation and the failure to conform to it even though the supplier did not act fraudulently, recklessly, or negligently in making the representation.

Id.[1] Liability under these subsections requires active conduct by the supplier that causes or contributes to the injury. *King v. Centerpulse Orthopedics, Inc.*, No. 1:05-CV-1318, 2006 U.S. Dist. LEXIS 7028, at *11-12 (N.D. Ohio Feb. 24, 2006).

Dollar General can only be liable for negligence in this case if it knew or had reason to know of the alleged product defect, regardless of any "'failure to discover the danger by an

---

[1] A supplier can also be liable in place of a manufacturer if certain conditions exist as set forth in O.R.C. §2307.78(B). Dollar General contends that the complaint contains no factual allegations allowing Plaintiff to hold Dollar General derivatively liable under the eight factors set forth in O.R.C. § 2307.78(3). In the absence of any opposition, and upon its own review, the Court agrees.

inspection or test of the [product] before selling it.'" *King*, supra, quoting *Brown v. McDonald's Corp.*, 101 Ohio App. 3d 294, 655 N.E.2d 440, 445 (Ct. App. Ohio 1995).

According to the amended complaint, Plaintiff purchased the leash from Dollar General and Cosmic Pet LLC is the vendor of the leash. Doc. 6, ¶ 3. Even with a liberal review of Plaintiff's complaint, Plaintiff makes no claim that Dollar General is liable as a supplier through any express or independent negligent conduct. As pled, none of Plaintiff's claims indicate that Dollar General knew or should have known that the leash was defective in any way.

Plaintiff asserts that the Defendants "must take responsibility for their product's unreasonably dangerous defect and/or product design[,]" (Doc. 6, ¶12) that "the defective product and/or its dangerous design had a direct and proximate resolute of cause the Plaintiff's" injuries, (Doc. 6, ¶14), and that the "defective leash had a direct and proximate result of destroying, mostly by blood, the Plaintiff's personal property" (Doc. 6, ¶16). None of these claims establish that Dollar General knew or should have known about the allegedly defective leash.

The Court notes that Plaintiff asserts that "Defendants were aware of the danger their defective leash posed[.]" Doc. 6, ¶22. However, Plaintiff points to no facts to indicate how Dollar General was aware of the danger, or if that danger was caused by an allegedly defective product. Further, in his reply to Dollar General's answer, Plaintiff makes it clear that Dollar General was in fact NOT aware of any issues with the leash until after Plaintiff reported his injury. Doc. 20, p. 4, ¶11. The complaint does not contain any facts or allegations that would support a conclusion that Dollar General knew or should have known about the defect prior to the injury and continued to make representations and sell the product anyway.

Accordingly, Plaintiff's amended claims against Dollar General are dismissed.

### III. CONCLUSION

Defendant Dollar General's motion for judgment on the pleadings is granted. This matter is hereby dismissed in its entirety.

**IT IS SO ORDERED.**

| | |
|---|---|
| **December 14, 2022** | **/s/ John R. Adams** |
| **Date** | **John R. Adams** |
| | **U.S. District Judge** |